IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL C. LOYD,<br><br>    Defendant. | Case No: 22-3094-01-CR-S-RK |

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Teresa A. Moore, United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on December 19, 2023. For the reasons set forth below, the Government requests that upon consideration of the sentencing factors set forth pursuant to § 3553, this Court sentence the defendant, Michael C. Loyd, (LOYD), to a sentence of 57 months' incarceration, which is within the applicable Guidelines range, a three year period of post-release supervision, and payment of restitution in the amount of $754.00.

### I. BACKGROUND

On November 17, 2022, LOYD pled guilty before U.S. Magistrate Judge David P. Rush to a one-count indictment charging him with bank robbery, in violation of 18 U.S.C. § 2113(a). The final Presentence Investigation Report (PSR) was filed on June 7, 2023. Based on LOYD'S criminal history category of V and total offense level of 19, the Guidelines imprisonment range is 57 to 71 months within Zone D of the Sentencing Table. (PSR 17, ¶ 70.) The Government had no objections to the PSR and the defendant's objections do not materially impact the sentencing guideline range.

## II. LEGAL STANDARD

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220, 245-46 (2005), sentencing still begins with a properly calculated advisory Sentencing Guidelines range. *See Gall v. United States*, 128 S. Ct. 586, 596 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2464-65 (2007); *United States v. Plaza*, 471 F.3d 928, 930 (8th Cir. 2006). Next, the Court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory Guidelines sentencing range. *Plaza*, 471 F.3d at 930. After calculating the advisory Guidelines range, the Court considers that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007); *Plaza*, 471 F.3d at 930.

## III. DISCUSSION

### A. Statutory and Guidelines Calculations

The PSR, filed on June 7, 2023, respectively, find a maximum term of imprisonment of not more than twenty years, and a Guidelines imprisonment range of 57 to 71 months, with LOYD being ineligible for probation, and a statutory supervised release term of not more than three years. (PSR 17-18, ¶¶ 69-70, 72-75.)

### B. Statutory Sentencing Factors

#### 1. Nature and Circumstances of the Offense

LOYD committed an inherently dangerous crime that harmed both the individuals within the bank, as well as those who live in the community. On July 20, 2022, LOYD entered a Bank of America in Springfield, Missouri, within the Western District of Missouri. (PSR 3, ¶ 4.) LOYD approached a bank teller and presented a note which stated, "Give me your money now. Don't say anything. I have a partner outside." *Id.* Because of note, and the implied threat while

2

Case 6:22-cr-03094-RK   Document 34   Filed 12/06/23   Page 2 of 8

demanding the money, the bank teller ultimately complied with LOYD'S threat and handed over all the money in the bank drawer. *Id.* LOYD left the bank with $754.00 of the bank's money.

In this case, LOYD committed an inherently violent crime that involved him robbing a local bank and expressing an implied threat to the bank teller to compel her to surrender all of the money within the teller drawer. Overall, the fear and trauma inflicted on the bank teller, especially the fear that customers within the bank would be harmed by the defendant, was considerable and will continue long past LOYD'S sentencing hearing. Furthermore, it is important to note that at the time of his bank robbery, LOYD was under a criminal justice sentence for five cases. (PSR 12, ¶ 42.) LOYD'S criminal conduct for these five cases included resisting arrest by fleeing, possession of a controlled substance, and stealing. Given the serious nature and circumstances of this offense, a 57-month sentence of imprisonment is warranted under the facts and circumstances of this case.

   **2. Seriousness of the Offense**

The recommended sentence of 57 months also "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." *See* 18 U.S.C. § 3553(a)(2)(A). Such considerations reflect the just deserts concept, which carries the need for retribution, the need to make the punishment fit the crime, and the need not just to punish but to punish justly.

In this case, the seriousness of the defendant's crimes is reflected in the actions described above, as well as the Criminal Code and the Sentencing Guidelines. The defendant's bank robbery subjects him to a 20-year maximum prison sentence and a potential $250,000 fine. *See* 18 U.S.C. § 2113.

While the defendant did not brandish a firearm, he did implicitly threaten the use of violence during the commission of his robbery, by demanding the teller turn over all the money in

3

his drawer, not calling for help and that he had someone prepared to help his efforts. Overall, the nature of this defendant's actions does not warrant a variance from a Guidelines Range of 57 to 71 months. The Government avers that a 57-month sentence in this case would send this defendant the clear message that he cannot commit violent acts within our community, especially when he has never served a sentence of any significant length for his prior criminal offenses. Based on the criminal history amassed by LOYD, and the fact that he has been previously convicted of other criminal offenses, the government maintains that a 57-month sentence is essential to address serious violent offense that defendant has repeatedly committed.

### 3. History and Characteristics of the Defendant

While only 30 years old, LOYD has a criminal history that dates back to 2013. (PSR 5, ¶¶ 25.) LOYD'S criminal history continues unabated up to the bank robbery conviction that has him before this Court today. (PSR 5-13, ¶¶ 26-54.) Over the past decade, LOYD has amassed 14 misdemeanor convictions and at least four felony convictions, this being his fifth and most serious felony offense. *Id.* LOYD'S criminal convictions do not account for more than 15 other criminal offenses that were either dismissed, are pending, or under warrant status. (PSR 12-15, ¶¶ 44-54.) Given the serious nature of this offense and LOYD'S recidivist and escalating criminal conduct, a sentence of 57 months imprisonment is appropriate.

The defendant is 30 years old and relatively young, but the past decade has proven that LOYD will commit any variety of criminal offenses and no amount of court supervision or direction will keep him from committing even more. While LOYD has numerous criminal convictions, a 57-month sentence will be the longest period of incarceration imposed on the defendant for his criminal conduct.

In this case, LOYD, while serving under five criminal justice sentences, chose to commit what is arguably the most violent criminal offense of his life. In every sense of the phrase, LOYD

has demonstrated that he is a dangerous, violent, recidivist offender, whose actions have not only increased in frequency as he gets older, but his actions have also become more violent and dangerous.

Further LOYD'S history and characteristics reflect a person who will simply commit criminal acts when it suits him. LOYD'S most recent criminal history proves he will simply threaten or use violent acts against anyone in order to obtain what he desires. Ultimately, the Government avers that the Court should fashion a sentence that not only punishes, but based upon LOYD'S history and characteristics, is fair in light of his violent recidivist history and will help to ensure the safety of those within the community. A sentence of 57 months' incarceration, which is within the Guidelines Range, will provide such a just punishment.

### 4. Need to Promote Respect for the Law

Based on LOYD'S actions and criminal history, the Government believes that a 57-month sentence is necessary to promote his respect for the law. LOYD created a dangerous and potentially violent incident during the commission of this bank robbery by implicitly threatening a bank teller, demanded he turn over the money in his control immediately, not alert others, and that he had a partner who was present to assist him in his efforts. This is further aggravated when we realize that LOYD was under a criminal justice sentence for numerous other offenses committed in Taney, Christian and Lawrence counties. In addition, LOYD's numerous prior convictions have included trespass, numerous instances of stealing, resisting arrest by fleeing and creating a risk of serious injury or death, endangering the welfare of a child, several drug related convictions, and as well as offenses which all demonstrate he has no respect for the law. A sentence of 57 months' is necessary to help LOYD develop a better respect for the law at the most and protect our law-abiding community in the least.

5

Case 6:22-cr-03094-RK    Document 34    Filed 12/06/23    Page 5 of 8

### 5. Need to Afford Adequate Deterrence to Criminal Conduct

To the extent that rational actors are watching what the Court does here, a 57-month sentence, followed by supervised release, will provide a meaningful deterrent to the nature of the criminal conduct in which LOYD engaged. In fact, in this case, a longer sentence is warranted given the fact that not only is LOYD'S criminal conduct escalating in the number of offenses he is committing but is also escalating in the nature of the violent acts being committed. In fact, in that case, LOYD further demonstrated his complete lack of respect for the Court and the law when his post release supervision was revoked on different occasions, resulting in him serving an additional period of imprisonment, and being discharged from post release supervision unsuccessfully. With respect to LOYD, a 57-month sentence will at least deter him during his period of imprisonment, and while it is doubtful that any sentence will impress upon him the necessity of engaging in lawful conduct, at least the community will be safer with this defendant in prison.

### 6. Need to Protect the Public from Further Crimes of the Defendant

LOYD'S criminal history is considerable even though he is only 30 years of age. LOYD has been convicted, charged and arrested on numerous occasions for a whole host of various criminal offenses, within a ten-year period of time. LOYD'S criminal history clearly proves that he poses a direct danger to any community in which he resides, as well as those individuals, who are employed within any bank within a given community that this defendant resides. Given the serious and disturbing nature of his criminal history, his recidivist history, and his willingness to engage in violent criminal behavior, a sentence of 57 months' imprisonment is appropriate for LOYD.

### 7. Need to Provide the Defendant with Education, Vocational Training, or Other Correctional Treatment

The Government submits that it is necessary to provide LOYD with additional education and vocational training. While LOYD may possess the education and experience necessary to be successful, this conviction will prevent any future employment. As such, additional education and vocational training while incarcerated with the Bureau of Prisons would provide LOYD with the necessary tools to once again become a productive member of society upon his release. Further, the Government believes that LOYD would benefit from a substance abuse treatment program and would not object to LOYD'S placement in the program.

## IV. CONCLUSION

Title 18 U.S.C. § 3553 requires this Court to impose a sentence that considers a variety of factors, including the Sentencing Guidelines range. The Government respectfully requests that the nature and circumstances of the offense, LOYD'S considerable criminal history and characteristics, his recidivist criminal history, the need to promote respect for the law, the need to afford adequate deterrence, the need to protect the public from LOYD, and any other statutory sentencing factors be considered in reaching an appropriate sentence.

As such, the Government respectfully requests that this Court impose a sentence of 57 months' imprisonment. The Government's request for a 57-month sentence is within the Guidelines Range. The sentence is supported by the facts and circumstances of this case.

Respectfully submitted,

TERESA A. MOORE
United States Attorney


*/s/ Patrick Carney*
PATRICK CARNEY
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417)831-4406

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of December, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ Patrick Carney*
PATRICK CARNEY